UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL D. WARNER, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF COX OPERATING LLC, MLCJR, LLC, COX OIL OFFSHORE, L.L.C., ENERGY XXI, GOM, LLC, ENERGY XXI GULF COAST, LLC, EPL OIL & GAS, LLC, AND M21K, LLC | CIVIL ACTION |
| VERSUS | NO: 24-2864 |
| MILLER INSURANCE SERVICES, LLP ET AL. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court are competing motions from opposing parties. First, Defendant Insurers[1] file their *Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss These Proceedings, and, Subject to the Motion to Compel Arbitration, Motions to Dismiss Pursuant to Rule 12(b)* **(Rec. Doc. 10)**; Plaintiff responds in opposition (Rec. Doc. 21), to which Defendant Insurers reply (Rec. Doc. 26). Second, Plaintiff files his *Motion to Remand* **(Rec. Doc. 14)**. Defendants respond in opposition (Rec. Doc. 22), to which Plaintiff replies (Rec. Doc. 25). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's *Motion to Remand* should be **GRANTED**, and Defendants'

---

[1] Defendants Certain Underwriters at Lloyd's of London Subscribing to Policy Number B0621EMSCO000121; Hudson Insurance Company; AIG US, Inc.; Clearwater Insurance Company; Starstone Insurance Company; and WR Berkley Corporation join in the filing of the motion. Defendant Miller Insurance Services, LLP—which has not made an appearance nor apparently received service and citation in this matter—alone has not joined the motion. The Court will refer to the movants as "Subscribing Defendants" for ease of reference.

*Motion to Compel Arbitration* should be **DENIED as moot**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from an insurance dispute over damage by Hurricane Ida to oil and gas equipment in the Gulf of Mexico. The equipment—which include pipelines, production rigs, and facilities associated with oil and gas leases—are owned by Cox Operating, L.L.C. and its affiliate entities and were insured by Subscribing Defendants.

Nearly two years after the hurricane, Cox Operating, L.L.C. filed for Chapter 11 bankruptcy. At the same time, affiliate entities MLCJR, LLC; Cox Oil Offshore, L.LC; Energy XXI GOM, LLC; Energy XXI Gulf Coast, LLC; EPL Oil & Gas, LLC; and M21K, LLC (collectively "Cox Affiliates") also filed for bankruptcy. The actions were consolidated and converted to a Chapter 7 case. Named Plaintiff in this action is Michael D. Warner, the Chapter 7 bankruptcy trustee of Cox Operating and Cox Affiliates.

Originally filed in the Civil District Court for the Parish of Orleans, this action was removed by Subscribing Defendants pursuant to federal question jurisdiction of 28 U.S.C. § 1331. As their specific basis, Subscribing Defendants cited the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as confirmed by 9 U.S.C. § 203 of the Federal Arbitration Act ("FAA"). In their Notice of Removal, Subscribing Defendants contend the New York Convention applies because multiple insurers are foreign entities, the United States is a signatory to the Convention, the agreement arises from a commercial relationship

between parties, and crucially for this matter, the insurance policy at issue contains an arbitration clause.

Parties now present dueling motions. Subscribing Defendants request this matter be compelled to arbitration, which Plaintiff opposes. Plaintiff requests this matter be remanded to state court, which Subscribing Defendants oppose.

## LEGAL STANDARD

Where parties put forward competing motions, the jurisdictional issue takes priority. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). The legal standard tied to Plaintiff's Motion to Remand, therefore, takes priority.

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal courts have original jurisdiction over cases which pose a "federal question," by "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1980). Courts consider whether a case poses a federal question

pursuant to the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

## DISCUSSION

### I.    Plaintiff's Motion to Remand

Presenting a jurisdictional question, Plaintiff's Motion to Remand demands first treatment. Subscribing Defendants pin federal jurisdiction on the applicability of the New York Convention. There is no debate on the standard for a matter to fall under the Convention: "The Convention applies to international arbitration clauses when (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) (citation and emphasis omitted). Here, parties solely debate whether the foundational requirement is present: *Does the insurance policy contain an agreement to arbitrate?*

The policy's "General Conditions" Section contains the pertinent paragraph. Entitled "Arbitration Clause," the provision reads in whole:

> In case the Insured and these Insurers shall fail to agree as to the amount of loss, damage or expense each shall, if both parties agree, select a competent and disinterested appraiser. The appraisers together shall first select a competent and disinterested umpire, and in the event of the appraisers failing for fifteen (15) days to agree upon such umpire, then on request of the Insured or these Insurers, such umpire shall be

> selected by a judge of a State District court in the jurisdiction where the loss occurred. The appraisers together shall then appraise the loss, damage or expense stating separately sound value and loss, damage or expense in respect of each item; and failing to agree shall submit their differences only to the umpire. An award in writing, so itemized, of any two when filed with the Insurers shall determine the amount of sound value and loss, damage and/or expense, such determination to be binding on the parties hereto. Each appraiser shall be paid by the party selecting him and expense of appraisal and the umpire shall be paid by the parties equally.

(Rec. Doc. 1-2 at 80 ¶ 4). In the same policy section, parties agree to first resolve damage disputes by means of the "Arbitration Clause": "Any disputes relating to the quantum of loss will be dealt with in the first instance in accordance with the provisions of the Arbitration Clause set out in these General Conditions (Applicable to All Sections)." *Id.* at 83 ¶ 12(f).

Despite the two policy references to an "Arbitration Clause," Plaintiff argues the substance of the paragraphs—and not their titles—controls. As support, Plaintiff quotes another generally applicable provision found in the same section of the policy:

> TITLES AND PARAGRAPHS
>
> The several titles of the various paragraphs of this Policy (and of endorsements and supplemental contracts, if any, now or hereafter attached to this Policy) are inserted solely for convenience of reference and shall not be deemed in any way to limit or affect the provisions to which they relate.

*Id.* at 90 ¶ 41. Reading them together, Plaintiff insists that, no matter the provisions' mislabeling, parties agreed to (1) an appraisal—and not an arbitration—clause and (2) a clause that operates permissively and not mandatorily. The success of either argument, Plaintiff contends, would render the New York Convention inapplicable and wrest jurisdiction from this Court.

Subscribing Defendants read the provisions differently. Countering Plaintiff's argument to overlook word choices in titles, Subscribing Defendants argue that the word choice to overlook is found in the provision: "Plaintiffs [sic] maintain that because the arbitration provision at issue includes the word 'appraiser' or 'appraisal' the entire provision is converted into an appraisal provision, regardless of the remaining substance of the provision." (Rec. Doc. 22 at 9). Instead of allowing the provision's six uses of a variation of "appraise" (and the absence of any variation of "arbitrate") to control, Subscribing Defendants encourage looking at the substance of the clause. To make their arbitration case, they rely on the reasoning in *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London* from the Nebraska District Court.

Considering a clause similar to the one at issue here, the *Martinique* court first assessed whether the question of a clause constituting arbitration should be analyzed under state law or federal common law. Deciding federal common law the appropriate lens, the district court thereby put its reasoning directly at odds with the Fifth Circuit's conclusion. *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1104 (D. Neb. 2021) (citing as an example of a state-law circuit *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061–63 (5th Cir. 1990)). Why this Court should adopt the reasoning of a district court from the Eighth Circuit and not a holding of the Fifth Circuit is left unexplained.[2]

---

[2] In *Martinique*, the Nebraska District Court itself attempted to reason through a circuit split on the issue, where the Eighth Circuit Court of Appeals had not definitively ruled. In reaching its conclusion, the district court clearly stated it was resolving the issue without the support of circuit precedent. *See Martinique Properties*, 567 F. Supp. 3d at 1105 ("This Court finds the reasoning of the federal-law

Undaunted, Subscribing Defendants find the federal common law reasoning in *Martinique* convincing. To the Nebraska District Court, the issue was not word choices in a policy; instead, "the crux of the question in this case is whether the appraisal process used by both parties resembles classic arbitration." *Id.* at 1106. This presentation of the issue is expressed similarly in Fifth Circuit caselaw. Although relying on a Texas state law distinction between appraisal and arbitration to reach its ultimate conclusion, the Fifth Circuit provided a similar analysis in *Teachworth*. Therein, the appellate court noted the contrast in the two terms:

> [A]n arbitration agreement may encompass the entire controversy between parties or it may be tailored to particular legal or factual disputes. In contrast, an appraisal determines only the amount of loss, without resolving issues such as whether the insurer is liable under the policy. Additionally, an arbitration is a quasi-judicial proceeding, complete with formal hearings, notice to parties, and testimony of witnesses. Appraisals are informal. Appraisers typically conduct independent investigations and base their decisions on their own knowledge, without holding formal hearings.

*Teachworth*, 898 F.2d 1058, 1061–62. And the Fifth Circuit has confirmed that this broader context—separate and apart from a reflexive application of state law—provides grounds for distinguishing appraisals from arbitrations. *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 286 (5th Cir. 2009) (holding appraisal provision

---

courts persuasive."). The arbitration issue, moreover, was not presented to the Eighth Circuit on appeal. *See Martinique Properties, LLC v. Certain Underwriters at Lloyd's of London, Subscribing to Pol'y No. W1551E160301*, 60 F.4th 1206, 1207 n.2 (8th Cir. 2023) ("Underwriters also invoked the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) in its motion to dismiss, but because Martinique Properties does not challenge the district court's application of the Convention, we do not address it here. Similarly, neither party contests the district court's conclusion that the appraisal process here qualifies as an arbitration for purposes of the FAA."). Here, Subscribing Defendants argue, despite Fifth Circuit precedent, this Court should also rely on persuasive reasoning: "Persuasively, the Court in *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London Subscribing to Pol'y No. W1551e160301*, 567 F. Supp. 3d 1099 (D. Neb. Oct. 15, 2021), addressed the split in the United States Courts of Appeals." (Rec. Doc. 22 at 10). This Court declines the invitation.

in the Standard Flood Insurance Policy of the federal National Flood Insurance Program "is not an arbitration and is not governed by the Federal Arbitration Act (FAA)"). Here, parties agreed to submit for appraisal a disagreement on the amount of loss. Thus, the appraisal clause concerned only a portion of the controversy. Although the clause provided a manner for the selection of appraisers, absent is mention of evidence submission, witness testimony, or hearing procedures of any type. Simply, the formalities of arbitration are missing. Simpler still, Fifth Circuit precedent dictates the provision's treatment as an appraisal clause. Accordingly, with no arbitration agreement between parties, the New York Convention does not apply.

Although this conclusion is sufficient for the treatment of the jurisdictional question, Plaintiff is also correct in the second instance: the permissive nature of the clause also places the dispute outside the confines of the Convention. Subscribing Defendants marshal caselaw to show "provisions with the word 'may' trigger mandatory arbitration." (Rec. Doc. 22 at 13 (first citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 204 n.1 (1985); then citing *Local 771, I.A.T.S.E., AFL–CIO v. RKO Gen., Inc.*, 546 F.2d 1107, 1115–16 (2d Cir. 1977)). As a general proposition, Subscribing Defendants may be correct. *But see Retractable Techs. Inc. v. Abbott Lab'ys Inc.*, 281 F. App'x 275, 275–76 (5th Cir. 2008) ("By the use of the word 'may,' the parties preserved other options to resolve disputes, including litigation."). The cases they cite, however, are inapposite to the matter here.

In Subscribing Defendants' cited cases, "may" is present in an arbitration clause that a single party can invoke—making the verb's treatment decisive on the

arbitration issue. *See Allis-Chalmers Corp.*, 471 U.S. at 204 ("If the Committee does not resolve the matter, the employee may bring it to arbitration in the manner established under the collective-bargaining agreement."); *Loc. 771, I.A.T.S.E.*, 546 F.2d at 1115 ("The parties may submit to arbitration in accordance with the rules of the American Arbitration Association upon written request of either party[.]"). Such is not the case here. The clause agreed upon is effective only "if both parties agree" to appraisal. (Rec. Doc. 1-2 at 80 ¶ 4). Thus, the agreement is merely preparatory, as parties agree that they may later jointly agree to submit a valuation dispute for appraisal. Permissive clauses do not bind parties to alternate dispute resolution. *See Retractable Techs. Inc.*, 281 F. App'x at 275–76. On its own, the permissive nature of the clause in question makes the Convention inapplicable. Again, remand is demanded.

## II.    Defendants' Motion to Compel

As the Court has determined federal jurisdiction lacking, Subscribing Defendants' Motion to Compel Arbitration is not properly before it. Any arbitration or venue-related arguments made therein shall be presented to a court of proper jurisdiction.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 14)** is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Compel Arbitration* **(Rec. Doc. 10)** is **DENIED as moot**.

New Orleans, Louisiana, this 22nd day of January, 2025.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE